IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MONICA SANGWIN                                                                          PLAINTIFF

v.                                    Civil No. 04-5309

MICHAEL J. ASTRUE, Commissioner
Social Security Administration,                                                         DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On December 14, 2004, plaintiff, Susan Jenkins, appealed to this Court from the denial of her application for social security disability benefits by the Commissioner of the Social Security Administration (hereinafter "Commissioner"). (Doc. #1). On March 6, 2006, this Court remanded this matter for further consideration, pursuant to sentence four, 42 U.S.C. § 405(g). (Doc. # 12, 13).

On August 5, 2008, counsel filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. 14, 15). Now before the Court is counsel's motion for approval of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $9,600.00, which represents 37.00 hours at the approximate hourly rate of $260.00. (Doc. # 14-2). We note that counsel has filed a brief in support of her motion. (Doc. 15). Statutory provision for the award of attorney's fees is found in 42 U.S.C. § 406(b)(1). The relevant portion of that statute reads, "the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits to which the claimant is entitled by reason of such judgment." This fee is payable out of, and not in addition to, the amount of claimant's past-due benefits.

In 1980, Congress enacted the Equal Access to Justice Act, providing for fees payable by the United States. These fees are determined not by a percent of the amount recovered, but by the time expended and the attorney's hourly rate. 28 U.S.C. § 2412(d)(1)(B). Unlike fees under § 406(b), these fees are paid in addition to, and not out of, the amount withheld from claimant's past-due

benefits for the payment of attorney's fees.

Recovery of an attorney's fee under both EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See* Equal Access to Justice Act, Extension and Amendment, P.L. No. 99-80, 99 Stat. 183 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall to the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D. Ohio 1985).

Furthermore, awarding fees under both Acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable Government action. *Id.*; *see also Cornella v. Schweiker,* 728 F.2d 978 (8th Cir. 1984). However, claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.*

Counsel in this case did not file a motion for fees pursuant to the EAJA, and an application for fees under EAJA is now time barred. *See* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees . . . ."). Although we will not decide whether such an award would have been granted, we note that an application for fees under the EAJA would have been appropriate in light of the court's order remanding the case pursuant to sentence four. *See Garber v. Heckler,* 607

F.Supp. 574, 576 (E.D.N.Y.1985) (finding an EAJA application would have been appropriate but is now time barred). The court scrutinizes applications such as these with particular care because the interests of the attorney and his client "are inherently in conflict". *Shepherd v. Apfel*, 981 F. Supp. 1189, 1192-1194 (S. D. Iowa 1997). "[S]uch conflict peaks at the point at which the attorney requests a fee to be deducted, dollar-for-dollar, from the award of back benefits to which the claimant is entitled." *Id*. Thus, in light of this conflict, "it is incumbent upon counsel to pursue attorney's fees under EAJA before applying for fees under § 406(b), or justify the failure to do so." *See Bear v. Astrue*, 544 F. Supp. 2d 881, 883 (D. Neb. 2008) (quoting 4 Soc. Sec. Law & Prac. § 49:140 (Mar. 2008) (footnotes omitted)). Because counsel has neither applied for EAJA fees nor justified his failure to do so, the court will take counsel's failure to make what would have been a colorable application for EAJA fees into account in determining the reasonableness of his 406(b) request and, accordingly, will reduce his 406(b) request by the amount obtainable under EAJA. *See Losco v. Bowen,* 638 F.Supp. 1262, 1268 (S.D.N.Y.1986) ( "Having foregone an opportunity to seek fees from the Secretary under the EAJA, counsel will not be permitted to obtain a bonus for that shortcoming in the form of a premium fee deducted from his client's past-due benefits. "); *see also Iliceto v. Sec'y of Health & Human Servs.,* No. 83 Civ. 2160, 1990 WL 186254, at *2 (E.D.N.Y. Nov. 14, 1990) (reducing 406(b) award by "the amount of EAJA fees which would have been awarded" under the standard EAJA hourly rate); *cf. Garber v. Heckler,* 607 F.Supp. 574, 576 (E.D.N.Y.1985) (limiting 406(b) award to amount obtainable under EAJA).

**Discussion:**

Attorney fees in Social Security cases are bifurcated into two categories: time before the Agency and time before the courts. 42 U.S.C. § 406(a)-(b). Plaintiff's attorney cannot request an

award of attorney fees from the court for hours spent before the Agency. *Id.* As set out in §§ 406(a) and (b), the statute deals with the administrative and judicial review stages discretely. Administrative representation is governed by § 406(a). Proceedings in court were addressed separately by Congress providing for fees when there is "a judgment favorable to a claimant." 42 U.S.C. § 406(b)(1)(A). The statute provides that the fee must be reasonable, not to, in any case, exceed twenty-five percent of the awarded past-due benefits. Similarly, plaintiff's attorney may petition the Commissioner for an award of attorney fees in connection with the attorney's services in proceedings before the Commissioner. 42 U.S.C. § 406(a)(2)(A).

When applicable, the amount granted at the administrative level is deducted from the twenty-five percent of past-due benefits held; however, this court may only award fees for work done before it; it may not approve fees for work done before the Commissioner. *Gowen v. Bowen*, 855 F.2d 613 (8th Cir. 1988); *Fenix v. Finch*, 436 F.2d 831 (8th Cir. 1971). Having determined this court can only award fees for work performed before it, we will now consider whether the contingent fee agreement of twenty-five percent of plaintiff's past-due benefits held, for work performed before this court, is reasonable.

Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht, et al. v. Barnhart*, 535 U.S. 789, 807 (2002). In *Gisbrecht*, the Supreme Court also recognized the primacy of lawful attorney-client fee agreements in determining reasonable attorney fees in cases where claimants prevail in federal court. The Court held that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.,* at 808-809.

First, we must look to see whether the contingent-fee agreement is within the twenty-five percent boundary. In the present case, plaintiff entered into a contingent-fee agreement dated November 3, 2004. (Doc. # 1 Exhibit D). This agreement provided that in consideration of the services provided by her attorney in representing her before the Eighth Circuit Court of Appeals and/or any other federal court, plaintiff would agree to pay twenty–five percent of all past-due benefits. This court finds that the written fee agreement in this case falls within the statutory guidelines of not exceeding twenty-five percent of the past-due benefits.

Now that we have determined the contingent-fee agreement falls within the statutory boundary, this court must determine whether plaintiff's attorney's requested fee is reasonable compensation for his time spent for work before this court. "When considering a fee award, the court must balance two important policy concerns. On one hand, fee awards should be substantial enough to encourage attorneys to accept Social Security cases - particularly when the attorney faces a risk of nonpayment." *Wallace v. Barnhart*, 2004 WL 883447, *3 (N.D.Iowa,2004). "If remuneration is insufficient, then deserving claimants will be unable to find counsel." *Id.* (quoting *McDonald v. Apfel,* 2000 WL 744115 *1 (W.D.Mo. June 8, 2000)). On the other hand, attorneys representing disabled claimants have a duty to protect the claimant's disability award. Attorney fees awarded under § 406(b) are deducted from the claimant's disability award. The duty of attorneys to protect the interests of their clients remains throughout all of the legal proceedings and, as such, plaintiffs' attorneys are obligated to pursue fees pursuant to the EAJA or provide to the court why such fees are not being pursued. *Id.*; *Shephard v. Apfel,* 981 F.Supp. 1188, 1192-94 (S.D. Iowa 1997).

Prior to the decision in *Gisbrecht*, the Eighth Circuit applied the "lodestar" method to assist in determining whether the hourly rate should be enhanced based on the circumstances of the case.

Since *Gisbrecht*, the courts have recognized that basing a reasonableness determination of an hourly rate is inappropriate and deferred to contingency fee contracts in § 406(b) cases, "accepting that the resulting *de facto* hourly rates may exceed those for non contingency-fee arrangements." *Hearn v. Barnhart*, 262 F.Supp.2d 1033,1037 (N.D. Cal. 2003). *See, e.g., Hussar-Nelson v. Barnhart*, 2002 WL 31664488 (N.D. Ill. 2002) (granting fee award of $19,425.25, representing 25% of past due benefits, equivalent to approximately $393 per hour); *Coppett v. Barnhart*, 242 F.Supp.2d 1380 (S.D. Ga. 2002) (granting $6,554.12 for 18.7 hours of work, approximately $350.49 per hour). However, the court is still required to review the contingent-agreement, such as this one, "to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. 789 at 807 (2002).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: (1) time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley v. Eckerhart*, 461 U.S. 424, 430 n. 3 (1983). These factors are generally accepted as being relevant to determining the reasonableness of requested fees in social security disability cases. *McDonald v. Secretary of Health and Human* Services, 884 F.2d 1468, 1473 (1st Cir. 1989). Finally, plaintiff's attorney has the burden of "show[ing] that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. 789 at 807.

Records indicate that plaintiff received back pay in the amount of $18,416.75 of which was

withheld for attorney's fees. Plaintiff's attorney now seeks a fee award of $9600.00 for 37.00 hours of work performed before this court at a rate of $260.00 per hour. As previously noted, plaintiff contracted to pay her attorney twenty-five percent of any past due benefits owing to her. Had counsel not been successful in obtaining benefits for plaintiff, counsel would not be entitled to a fee award under the contingency nature of the agreement and, therefore, runs a substantial risk of loss. No delay resulted from plaintiff's attorney's representation. The court also acknowledges that plaintiff's attorney has a history of representing social security claimants and has a good reputation in the legal community. In addition, the benefits to plaintiff are substantial not in just past due benefits but benefits she will continue to receive in the future. Balancing the court's duty to protect the claimant's disability award against a fee that is substantial enough to encourage attorney's to accept Social Security cases, and considering the factors listed above, the court finds that a fee of $4900.00 (14.00[1] hours X $350.00 per hour) is a reasonable fee award for plaintiff's attorney's representation at the judicial stage.

However, because counsel did not file for fees pursuant to EAJA, we will reduce this amount by the fee that would have been awarded had counsel filed a petition for EAJA fees. We find that 14.00 is a reasonable number of hours for the work performed in this case. Accordingly, counsel would have been awarded $1750.00 for his 14.00 hours of work at a rate of $125.00 per hour pursuant to EAJA. Taking this into account, we recommend that counsel be awarded $3150.00 in fees pursuant 42 U.S.C. § 406(b).

---

[1] Plaintiff's attorney asserts he performed 37.00 hours of work before this court. However, upon reviewing counsel's timesheet, we note that he requests 36.50 hours for the preparation of plaintiff's appeal brief. Because the transcript in this case was not excessively voluminous, we believe this time to be excessive and are hereby reducing counsels total hourly award to 14.00 hours.

**Conclusion:**

Accordingly, we recommend that plaintiff's application for attorney's fees pursuant to 42 U.S.C. § 406(b), be granted in the amount of $3150.00 ($4900-$1750.00). Because plaintiff's attorney did not seek and was not awarded fees under the EAJA, no monies are owed the plaintiff.

IT IS SO ORDERED this 2nd day of September 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE