```
       IN THE UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF ARKANSAS
               FAYETTEVILLE DIVISION
```

**MONICA SANGWIN**                                              **PLAINTIFF**

          **v.**          **Civil No. 04-5309**

**MICHAEL J. ASTRUE, Commissioner**
**of Social Security**                                          **DEFENDANT**

### O R D E R

    NOW on this 8th day of December 2008, comes on for consideration the Report and Recommendation ("R&R") issued by the Honorable James Marschewski, United States Magistrate Judge for the Western District of Arkansas (document #17), and the objections thereto of plaintiff (document #18). The Court, having reviewed this case *de novo* and being well and sufficiently advised, finds and orders as follows with respect thereto:

    1. Plaintiff's counsel seeks a fee award of $9,600.00 for 37 hours of work performed before this Court at an hourly rate of $260.00.

    It appears that plaintiff contracted to pay her attorney twenty-five percent of any past due benefits owing to her.

    2. The R&R recommends that counsel should be compensated for only 14 hours of work -- rather than for the 37 hours claimed. Moreover, because plaintiff's counsel did not seek a fee under the provisions of the Equal Access to Justice Act (28 U.S.C. § 2412(d)(1)(B) -- the "EAJA") (which, if awarded, would be applied to reduce the fee counsel is now seeking -- to the ultimate benefit

of the plaintiff), the R&R recommends that the fee to be awarded be reduced by the amount of the fee which might have been awarded under the EAJA, had it been sought. Using that reasoning, the fee sought ($9,600) would be reduced to $4,900 (14 hours versus 37 hours -- at the rate of $350.00 per hour); and would be further reduced by the possible EAJA fee of $1,750 (14 hours at the EAJA rate of $125.00 per hour) to produce a fee of $3,150.00 in fees pursuant to 42 U.S.C. § 406(b).

3. Turning first to the question of the reasonableness of the hours of work claimed by plaintiff's counsel, the Court, considering the response of plaintiff's counsel to the R&R and the justification for the hours spent in this matter, concludes that the 37 hours claimed are reasonable and should be awarded accordingly. See Gisbrecht v. Barnhart, 535 U.S. 789, 791 (2002) (holding that 42 U.S.C. § 406(b) does not displace contingent-fee agreements, but calls for court review of such agreements to ensure they yield reasonable results).

4. The Court agrees with the recommendations in the R&R dealing with the failure of plaintiff's counsel to file a motion for fees pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(B).

For reasons not clear, plaintiff's experienced counsel elected to seek fees only under 42 U.S.C. § 406(b)(1) -- and chose not to seek them under the EAJA. Since plaintiff would have

benefitted had her attorney also sought fees under the EAJA[1] and that oversight will serve to reduce her award, the Court has a duty to protect her from that adverse result unless -- balancing the interests between a claimant's right to receive the maximum benefit available and an attorney's right to be fairly compensated for legal services -- it would appear unfair to do so.  Filing for EAJA fees would clearly have saved the plaintiff money and the Court believes the balance of interests is in the plaintiff's favor as against those of plaintiff's attorney on the issue.

Additionally, the Court notes in passing that the objections of plaintiff to the R&R do not address or take issue with the recommendations on this point.

Accordingly, the Court finds that the award of attorney's fees should be reduced by $4,625.00 -- the amount of EAJA fees which would have been awarded had they been sought.[2]

**IT IS THEREFORE ORDERED** that, for reasons herein expressed, the objections to the R&R are overruled; the R&R is accepted with the changes noted in this Order; and

---

[1] An EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives is increased by the EAJA award -- up to the point where the claimant receives 100 percent of her past-due benefits. Gisbrecht, 535 U.S. at 796.

[2] This figure is based on the 37 hours plaintiff's attorney claims he worked, times the standard EAJA hourly rate of $125.

**IT IS FURTHER ORDERED** that plaintiff's application for attorney's fees pursuant to 42 U.S.C. § 406(b) should be **GRANTED** in the amount of **$4,975.00** ($9,600.00 minus $4,625.00).

**IT IS SO ORDERED.**

<u>/S/JIMM LARRY HENDREN</u>
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**